# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## RAIN THOMAS CHESHER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Henry County**
**No. 12936PC   C. Creed McGinley, Judge**

---

**No. W2009-01261-CCA-R3-PC  - Filed March 29, 2010**

---

The petitioner, Rain Thomas Chesher, appeals the Henry County Circuit Court's dismissal of his petition for post-conviction relief.  The state has filed a motion requesting that this court affirm the circuit court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.  We conclude that the state's motion is meritorious.  Accordingly, we grant the state's motion and affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Rain Thomas Chester, Pro Se, Clifton, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Matthew Bryant Haskell, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The record reflects that on May 2, 2000, a jury found the petitioner guilty of first degree murder.  The trial court sentenced the petitioner to serve a life sentence in the Tennessee Department of Correction.  The petitioner filed a direct appeal challenging the sufficiency of the evidence and asserting that trial counsel was ineffective.  This court affirmed the conviction, and on October 1, 2001, the Tennessee Supreme Court denied the petitioner's application for permission to appeal.  *See State v. Rain Thomas Chesher*, No. W2000-01701-CCA-RC-CD, 2001 WL 524063, at *1 (Tenn. Crim. App. at Jackson, May 14, 2001) *perm. app. denied* (Tenn. Oct. 1, 2001).

On April 13, 2009, the petitioner filed a petition for post-conviction relief. As a basis for relief, the petitioner alleged that he was denied due process of law and a fair trial.  He also alleged that appellate counsel was ineffective.

On May 22, 2009, the circuit court summarily dismissed the petition, finding that the petitioner filed it after the expiration of the statute of limitations. The petitioner filed a timely notice of appeal on June 10, 2009.

Pursuant to Tennessee Code Annotated section 40-30-102(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which the petitioner takes an appeal or, if the petitioner takes no appeal, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-202(a).

The jury found the petitioner guilty on May 2, 2000, and the petitioner appealed his conviction. This court affirmed the petitioner's conviction on May 14, 2001. The Tennessee Supreme Court denied the petitioner's application for permission to appeal on October 1, 2001. The petitioner had one year from the date of the final action of the supreme court to pursue post-conviction relief, and therefore, the statute of limitations period expired on October 1, 2002. The petitioner did not file for post-conviction relief until April 13, 2009.

The Post-Conviction Procedure Act provides three exceptions to the one-year statute of limitations: (1) when a new constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid. Tenn. Code Ann. § 40-30-202(b). The petitioner has not alleged any of the above exceptions.

Notwithstanding the exceptions, post-conviction courts must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *See Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000). Due process dictates that courts not apply the statute of limitations so strictly as to deny a person the opportunity to have his or her claim heard and determined at a meaningful time and in a meaningful manner. *State v. McKnight*, 51 S.W.3d 559 (Tenn. 2001); *Seals*, 23 S.W.3d at 274; *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). The principles of due process are flexible, requiring a balancing of the petitioner's liberty interest against the state's finality interests. *Sample v. State*, 82 S.W.3d 267, 274 (Tenn. 2002).

Here, the petitioner claims that because he was mentally incompetent due process considerations warrant the tolling of the statute of limitations. The Tennessee Supreme Court has held that application of the statute of limitations may violate due process if it denies mentally incompetent petitioners a reasonable opportunity to raise a claim in a meaningful

time and in a meaningful manner. *Seals,* 23 S.W.3d at 279. As a result, the court concluded that due process requires tolling of the statute of limitations during mental incompetency. *Id.* "[T]o make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). A petition with "[u]nsupported, conclusory, or general," allegations of mental illness is insufficient to warrant the tolling of the statute of limitations and will not prevent the trial court from summarily dismissing the petition pursuant to Tenn. Code Ann. § 40-30-206(b) & (f). *Id.* To make the prima facie showing of mental incompetence, a petitioner may rely on affidavits, and depositions from "mental health professionals[,] . . . family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities." *Id.* In addition, the petitioner may show mental incompetence through medical reports and other credible evidence that contains specific factual allegations. *Id.*

In his petition for post-conviction relief, the petitioner alleged that he suffered from paranoid personality disorder, polysubstance dependency, and antisocial personality disorder He stated that because of this, he was not able to "manage his own affairs, . . . understand his legal rights and liabilities" or seek post conviction relief. To support his allegations, he relied on a "Report of Trial Judge in First Degree Murder Cases,"[1] a letter from the Social Security Administration which states that the petitioner had received disability benefits based on personality disorder, letters from the petitioner's sister and mother, and a website's description of paranoid personality disorder and its symptoms. These exhibits do not make a prima facie showing that the petitioner was incompetent during the statute of limitations period. Collectively, the exhibits generally state that the petitioner, at some point, suffered from a personality disorder, received social security benefits because of his personality disorder, and had "problems" and "difficulties" before his conviction. The exhibits did not reference any specific dates or periods when the petitioner suffered from mental illness. Nor did the documents contain any factual assertions to establish that the petitioner did not understand his legal rights and liabilities and, thus, was mentally incompetent during the statute of limitations period or the six years between the expiration of the statute of limitations and the filing of the petition. Accordingly, we conclude that the petitioner did not make a prima facie showing of mental incompetence to toll the statute of limitations, and is without relief as to this issue.

---

[1] The petitioner refers to the report contained in exhibit 1 attached to his petition as "Report of Trial Judge in First Degree Murder Cases." The petitioner has not attached the complete report and thus, we cannot verify the title or author of the report.

Relying on *Williams v. State*, 44 S.W.3d 464, 469 (Tenn. 2001)*,* the petitioner also alleges that due process warrants tolling of the statue of limitations because "attorney deception and mental incompetence" rendered him unable to assert his post-conviction claim in a meaningful manner. The petitioner asserts that, in a letter, trial counsel "led him to believe that all available options for relief had been exhausted."

"[A]n attorney's misrepresentation, either attributable to deception or other misconduct" is a circumstance "beyond a defendant's control" that would preclude the defendant from actively pursuing post-conviction claims. *Williams*, 44 S.W.3d at 469 (Tenn. 2001). "The sole inquiry is . . . whether this limitations period is tolled because of due process concerns surrounding possible attorney misrepresentation." *Id.* at 471. When petitioners claim that trial counsel's misrepresentation hampered them from filing a timely post-conviction petition, due process requires only that courts afford the petitioner "a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner." *Id.*

In the letter sent to the petitioner, counsel advised the petitioner that the Tennessee Supreme Court denied his application for permission to appeal, which concluded his case. In the petition, the petitioner failed to explain how the letter misled or deceived him into believing that post-conviction or any further relief was unavailable to him. Furthermore, even if we accept the petitioner's argument that this was a misrepresentation, the petitioner has failed to explain his more than six-year delay in filing the petition for post-conviction relief. *See Eric Wright v. State*, No. W2001-00386-CCA-R3-PC, 2001 WL 1690194, at \*3 (Tenn. Crim. App., Jackson, Dec. 17, 2001) (Tipton, P.J., dissenting) ("Absent any allegation to justify the petitioner's years of inaction, for example, counsel's continued assertion that the case was on appeal, an evidentiary hearing is unwarranted."). Accordingly, we conclude that the petitioner has not shown that due process requires tolling the statute of limitations based on counsel's alleged misrepresentation.

## Conclusion

Upon consideration of the pleadings, the record, and the applicable law, we conclude that the circuit court properly dismissed the petition. Further, we conclude that this case satisfies the criteria of Rule 20. Accordingly, we grant the state's motion. We affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. McLIN, JUDGE

4